IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOE RANGER PICKETT, #128361,    )
                                )
       Plaintiff,              )
                                )
     v.                      )         CIVIL ACTION NO. 2:13-CV-91-TMH
                                )                  [WO]
                                )
KIM THOMAS, *et al.*,        )
                                )
       Defendants.          )

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 12, 2013, Joe Ranger Pickett ["Pickett"], an indigent state inmate and frequent

litigant before this court, filed the instant 42 U.S.C. § 1983 action challenging his placement in F1-

Dorm under disciplinary segregation. Pickett, however, did not properly execute the complaint. The

court therefore entered an order directing the Clerk to return the signature page of the complaint to

Pickett "so that he may attach his signature to such page declaring that he executed the complaint

under penalty of perjury." *Order of February 25, 2013 - Doc. No. 4.* This order specifically advised

Pickett that a failure to comply with its directives would result in a Recommendation that this case

be dismissed. *Id.* Moreover, at the time he filed the complaint, Pickett did not pay the requisite

$350.00 filing fee nor did he submit a properly executed affidavit in support of a motion for leave

to proceed *in forma pauperis*.[1] Thus, the court entered an order directing the Clerk to return the

---

[1]The court notes that Pickett is in violation of the "three strikes" provision of 28 U.S.C. § 1915(g) which
directs that a prisoner is not allowed to bring a civil action *in forma pauperis* and requires payment of the requisite
filing fee upon initiation of the suit if the inmate "has, on 3 or more occasions, while incarcerated or detained in any
facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is
frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent
danger of serious danger of serious physical injury." Under the circumstances of this case, it appears that Pickett
would be required to submit payment of the $350 filing fee in order to proceed on his claims.

signature page of the *in forma pauperis* application to Pickett and requiring that Pickett "return the signed page to this court ... [with] the requisite financial information...." *Order of February 25, 2013 - Doc. No. 5*.  The court again advised Pickett "that his failure to comply with the directives of this order will result in a Recommendation that this case be dismissed."  *Id*.

Pickett has failed to return the signed documents to the court as required by the directives of the orders entered on February 25, 2013.  The time for filing these responses has long since expired. This case cannot properly proceed before this court in the absence of the requested documents.  The court therefore concludes that the instant cause of action should be dismissed without prejudice. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of  consequences for failure to comply).

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* submitted herein be and is hereby DENIED.  In addition, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amendment to his complaint as directed by the orders of this court.  It is further

ORDERED that on or before June 14, 2013 the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the  Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 31st day of May, 2013.

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE